UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| JAMES RIVER INSURANCE CO. | CIVIL ACTION NO. 11-763 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TRIAD AFFILIATES, INC., ET AL | MAGISTRATE JUDGE MARK HORNSBY |

---

### MEMORANDUM ORDER

Before the Court is a motion for reconsideration, filed by the Defendant, Triad Affiliates, Inc. ("Triad"). [Record Document 85]. In this motion, Triad asks the Court to reconsider its recent Memorandum Ruling wherein it denied Triad's motion for summary judgment. See Record Document 84. Underground Solutions, Inc., opposes Triad's motion for reconsideration. See Record Document 88. For the reasons that follow, Triad's motion for reconsideration is DENIED.

When Triad filed its motion for summary judgment, it sought a determination by the Court that it is not liable to the Plaintiff, James River Insurance Co. ("James River"), for any damages, nor does it have a duty to indemnify Underground Solutions. After a thorough review of the record, the Court found that there were genuine issues of material fact which precluded the grant of summary judgment and denied Triad's motion accordingly.[1]  This ruling also denied dismissal of

---

[1] The facts of this case are set forth in the Court's Memorandum Ruling [Record Document 84] and do not need repeating here.

Underground Solutions's cross-claim against Triad. Either while the motion for summary judgment was under consideration by this Court, or in the days immediately following the Court's ruling, James River and Triad settled.[2] Based on that settlement, Triad now asks the Court to reconsider its summary judgment ruling.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, per se. However, such motions are typically treated as motions to alter or amend a judgment pursuant to FRCP 59(e) or 60. Because the denial of summary judgment is considered an interlocutory order, rather than a final judgment, see Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), Rules 59 and 60 are inapplicable. Instead, Rule 54(b) controls. See S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 2013 WL 392582, *10 (E.D. La. Jan. 31, 2013); Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 474-75 (M.D. La. 2002). Under Rule 54(b), the Court is given broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). "The exact standard applicable to the granting of a motion under Rule 54(b) is not

---

[2] Despite the Court's explicit instructions to Triad to inform the Court of the date on which the settlement was reached, Triad has yet to comply with the Court's order. See Record Documents 86 and 91.

clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b). . . . Though less exacting, courts have looked to the kinds of consideration under those rules for guidance." Livingston Downs, 259 F.Supp.2d at 475 (internal citations omitted).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. S. Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (internal citations and marks omitted). A motion for reconsideration should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction. See S. Snow Mfg., 2013 WL at *11; Jena Band of Choctaw Indians v. Tri-Millennium Corp., Inc., 2006 WL 51130, *1 (Jan. 9, 2006).

Reconsideration of a prior ruling under such circumstances is considered a waste of judicial time and resources. See id.

In the instant case, Triad's motion for reconsideration fails to cite to any legal standard of review for a motion for reconsideration, much less the appropriate standard under Rule 54. Rather, the motion is simply a rehashing of the same fact-based arguments that were presented in its initial motion for summary judgment. Even though Triad seeks dismissal of the indemnification-based cross-claim, it does not analyze the impact of its indemnification agreement with Underground Solutions, nor did it attach the pertinent policy language to either of its motions. Rather, all Triad does is argue that it did not damage the pipe at issue, therefore summary judgment should be granted. This argument has already been considered and rejected by this Court when it unequivocally found that there are genuine issues of material fact as to how the joint was damaged, whether it was re-fused, and if so, who was responsible for re-fusing it.

Plainly, Triad has filed the instant motion simply because it disagrees with the Court's ruling. Be that as it may, its settlement with James River does nothing to change the Court's previously-rendered opinion. Accordingly, the motion for reconsideration [Record Document 85] be and is hereby **DENIED**. If Triad wishes to file another dispositive motion regarding the indemnification issue (that is

substantively different from the fact-laden issues heretofore presented to the Court), it must do so by April 8, 2013, which is the dispositive motion deadline set forth in the Scheduling Order.

**THUS DONE AND SIGNED** on this 25th day of March, 2013.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE